## MITCHELL v. BEACH.

(Court of Appeals of District of Columbia. Submitted March 11, 1926. Decided April 5, 1926.)

No. 1849.

Patents ☞90(5).

Party to interference proceeding *held* to have established priority in reduction to practice, and entitled to patent for gear or wheel puller.

Appeal from the Commissioner of Patents.

Interference proceeding between Floyd Andrew Mitchell and Charles F. Beach. From a decision of the Commissioner of Patents, awarding priority to the latter, the former appeals. Affirmed.

A. G. McCaleb and R. O. Hinkle, both of Chicago, Ill., for appellant.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of the Patent Office in an interference proceeding awarding priority to the appellee, Beach.

The invention is a gear puller, for pulling gears, wheels, etc., from the shafts on which they are mounted, and each of the tribunals of the Patent Office has commented upon its simplicity. On this point the Examiner of Interferences said: "It is true, of course, that the invention is an exceedingly simple one, both in theory and practice." He and the Board of Examiners in Chief readily agreed that Beach had established conception long prior to the entry of Mitchell into the field, but they were not convinced that he had proven reduction to practice prior to August, 1916, Mitchell's date of conception and reduction to practice. Finding that Beach was lacking in diligence, they awarded priority to Mitchell. The Assistant Commissioner, however, ruled that Beach had established reduction to practice in 1912, that he had neither suppressed nor concealed the invention thereafter, and therefore was entitled to priority.

Beach produced in evidence many sketches bearing dates from August of 1911 to December of 1914. He also produced three pullers (Exhibits 11, 14, and 15) and testified that one (Exhibit 11) was made March 15, 1912, the date of the corresponding sketches. That these devices were exhibited to others about the time of their construction is established by several corroborating witnesses. Each testified in considerable detail as to the successful use of Exhibit 11 in the summer of 1912, in which use he was assisted by a Mr. Moore, who testified fully as to what was done. On this point the Examiners in Chief said: "Perry Moore fully corroborates the testimony of Beach as to the use of the large gear puller (Bolton Exhibit 11) in successfully pulling a wheel from a Ford car in 1912, while a Crane puller failed to do the work, and he clearly establishes the date as in the spring of 1912. We are satisfied by Moore's testimony that he understood the general principles involved and the operation of this puller, and the functional advantages derived from the structure over those of the Crane puller."

We agree with the Assistant Commissioner that "it is difficult to see how, in view of this statement, the Examiners in Chief could fail to hold Beach had reduced the invention to practice at this time." This Exhibit 11 clearly responds to the issue. While Beach did not generally disclose his invention, we

agree with the Assistant Commissioner that he did not secrete it, that the evidence conclusively shows he had no intention of abandoning the invention, and that he was not spurred into activity by the entry of his adversary into the field. There is no basis, therefore, for the application of the doctrine announced in Mason v. Hepburn, 13 App. D. C. 86.

The decision is affirmed.

Affirmed.